DELMAR S. THOMAS (SBN 210825)
  dthomas@yukelaw.com
NICHOLAS J. PAPPAS (SBN 305292)
  npappas@yukelaw.com
YUKEVICH | CAVANAUGH
355 S. Grand Avenue. 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile:  (213) 362-7788
Email: eservice@yukelaw.com

Attorneys for Defendant,
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| PAMELA GAIL BENNETT-KRAUSE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a corporation; and DOES 1 TO 100, inclusive,<br><br>Defendant. | CASE NO. 2:24-CV-06695 AGR<br><br>*(Assigned to Hon. Hon. Alicia G. Rosenberg, Courtroom 550)*<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Action Filed: December 6, 2023<br>Trial Date:    None Set |

THIS STIPULATION AND AGREEMENT is made and entered into by plaintiff PAMELA GAIL BENNETT-KRAUSE (hereinafter, "Plaintiff") and defendant HOME DEPOT U.S.A. INC. (hereinafter, "THD") through their respective counsels of record (hereinafter collectively "the Parties") to govern the inspection and

production of documents and other materials and testimony thereof that contains information reasonably described as confidential for describing private, business, competitive, proprietary, trade secret, financial, or other matters of a sensitive nature (hereinafter, "Confidential Information"). The Confidential Information anticipated in this matter includes, but is not limited to, closed circuit television footage, photographs, company policies and procedures, personnel records, financial records, bank records, and personal employee information.

## STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties that the foregoing Confidentiality Agreement and Protective Order ("Protective Order") be entered by this Court.

IT IS HEREBY ORDERED that the following rules and procedures shall govern the disclosure of Confidential Information in the course of discovery ~~and trial~~ of this action, *Pamela Gail Bennett-Krause v. Home Depot U.S.A, Inc.,* Case No. 2:24-CV-06695 MRA (AGRx)(hereinafter, the "Action").

## STATEMENT OF GOOD CAUSE

The Parties anticipate that this Action is likely to involve trade secrets, valuable research and development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial and/or employment information (including personal and/or employment-related information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. In this Action, THD anticipates disclosure of the following information in need

of protection: CCTV video containing footage of customers and other third parties, photographs of the same, reports containing the identities and personal information of THD employees, Plaintiff, and other third party witnesses, and documents related to THD products.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it was been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## DESIGNATION OF CONFIDENTIAL INFORMATION

1. **Designation of Material**. Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential Information. Copies, extracts, summaries, notes, and other derivatives of Confidential Information also shall be deemed Confidential Information and shall be subject to the provisions of this Protective Order.

2. **Subsequent Designation**. Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may

be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Protective Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Protective Order.

3. **Designation of Depositions**. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. **Modification of Designation**. The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

    (a) The producing party may agree in writing to downgrade or eliminate the "Confidential" designation concerning any material it produced.

    (b) If the Parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court, consistent with the scheduling order, to downgrade or eliminate the "Confidential" designation after complying with the dispute resolution process pursuant to Local Rule 37.1 et seq. and Judge Rosenberg's procedures for resolution of discovery disputes. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## ACCESS TO CONFIDENTIAL INFORMATION

5. **General Access**. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be disclosed only to the following

individuals or entities:

    (a)    Counsel of record for the Parties in the above-captioned matter;

    (b)    Any persons regularly employed by such counsel or their firms (including contract staff, copying services, or other administrative support) when working on this case under the direct supervision of partners or associates of these firms;

    (c)    Any expert, consultant, or similar person who has been consulted or who has been retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this Action; and the employees of such experts, consultants, or similar persons when working on this case under the direct supervision of these persons, but only to the extent necessary for such person to perform their assigned tasks in connection with this Action;

    (d)    The Court in this matter and the Court's ~~authorized~~ staff;

    (e)    Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony or hearings in this case, subject to the conditions stated at paragraphs 10 and 11 below;

    (f)    The named Parties in the above-captioned matter; and

    (g)    Any other person under such terms and conditions as the Parties may mutually agree in writing or as the Court may hereafter direct by further order.

With the exception of individuals listed at paragraphs 5(a), 5(b), and 5(d), Confidential Information shall not be shown or disclosed until the individual is shown this Protective Order and signs the certification attached hereto as Exhibit "A."

No person to whom Confidential Information is disclosed shall disclose such Confidential Information to any person not entitled to receive them under the terms of this Protective Order. The original and copies of the signed certifications at Exhibit A shall be maintained in the possession, custody, and control of the receiving party's counsel. The receiving party shall disclose such signed certifications to THD's counsel upon request. However, signed certifications by consulting experts who are

not disclosed need not be furnished to counsel of record for THD unless and until the consulting expert is designated as an expert to be called at trial or, if upon conclusion of the case, the consulting expert fails to return the Confidential Information.

6. **No Copies/Notes**. Except for internal use by counsel of record for the parties hereto, for court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7. **Disputes over Access**. If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## USE OF CONFIDENTIAL INFORMATION

8. **Use in this Litigation Only**. Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9. **Use at Depositions**. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10. **Use at Court Hearings**. Subject to applicable rules of evidence, Confidential Information may be offered into evidence or used at any hearing or oral argument. The proponent of the evidence containing Confidential Information shall give reasonable advance notice to ~~the Court and~~ counsel for the producing or

designating party.  Any party may move the Court for an order that the evidence be received ~~in camera or~~ under ~~other~~ conditions to prevent unnecessary disclosure upon a sufficient showing under the legal standard applicable to the particular court hearing.

11. **Filing Under Seal**.  A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.  Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue.  If a Party's request to file Confidential Information under seal is denied by the Court, then the Receiving Party may file the Confidential Information in the public record unless otherwise instructed by the Court.

12. **Reasonable Precautions**.  Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. **Continuing Confidentiality After Litigation**.  This Protective Order, and the Parties' obligation to maintain the confidentiality of any and all Confidential Information, shall continue even after the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court. Within thirty (30) days of the final termination of this litigation, any individual who has been provided material containing Confidential Information by counsel for any party to this litigation agrees to either (a) destroy all material containing Confidential Information in their possession and provide to that counsel written confirmation of the destruction; or (b) return to that counsel all material containing Confidential Information. Counsel agree to place all documents, multimedia, or other material containing Confidential Information together in a sealed file labeled "Do No Open – Contains Confidential Information" which will be stored and maintained and later destroyed in accordance with counsels' respective standard document retention policies.

## OTHER PROVISIONS

14. **Not an Admission**.  Nothing in this Protective Order shall constitute an

admission by the party that information designated as Confidential is actually confidential or confidential in all contexts. Furthermore, nothing contained herein shall preclude the Parties or third parties from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15. **No Waiver**. This Protective Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Protective Order may be used to protect the confidentiality of the residential addresses and social security numbers of the Parties and of any and all current or former employees of either of the Parties or their affiliates. Confidential Information used at trial shall become public absent a separate court order upon motion and a legally sufficient showing. ~~The Parties agree to take reasonable steps to maintain the confidentiality of any Confidential Information at trial of this matter in such a manner and until such time as the Court may direct and/or as the Parties may otherwise agree. Presentation of Confidential Information at trial shall not constitute a waiver of any restrictions provided for in this Protective Order.~~ Presentation of information not marked Confidential shall not constitute a waiver of any restrictions provided for in this Protective Order.

16. **Modifications and Amendments**. This Protective Order shall not be abrogated, modified, amended, or enlarged except by ~~stipulation and agreement of the Parties or by~~ Order of the Court ~~with notice given to each of the Parties~~.

/ / /

/ / /

/ / /

/ / /

/ / /

17. **Execution of Agreement**. This Protective Order may be executed in one or more counterparts, and facsimile signatures are deemed to constitute originals for purposes of this Protective Order.

DATED: October 31, 2024  LAW OFFICES OF JULIE N. GANAPOLSKY

By: /s/ Julie N. Ganapolsky
Julie N. Ganapolsky
Attorneys for Plaintiff,
PAMELA GAIL KRAUSE-BENNETT

DATED: November 1, 2024  YUKEVICH | CAVANAUGH

By: /s/ Nicholas J. Pappas
Delmar S. Thomas
Nicholas J. Pappas
Attorneys for Defendant,
HOME DEPOT U.S.A., INC.

DATED: December 17, 2024

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge

# EXHIBIT A

## CERTIFICATION REGARDING CONFIDENTIAL INFORMATION

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Information supplied in connection with the action *Pamela Gail Bennett-Krause v. Home Depot, Inc.* bearing Case No. 2:24-CV-06695 MRA (AGRx) pending in United States District Court, Central District of California, Western Division (hereinafter, the "Action"). I certify that I understand that the Confidential Information provided to me is subject to the terms and restrictions of the Confidentiality Agreement and Protective Order filed in the Action. I have been given a copy of the Confidentiality Agreement and Protective Order. I have read it, and I agree to be bound by its terms.

I understand that Confidential Information, including any notes or other documents that may be made regarding and/or containing any such Confidential Information, shall not be disclosed to anyone except as expressly permitted by the Confidentiality Agreement and Protective Order. I will not copy or use, except solely for the purposes of participating in this Action, any Confidential Information except as provided by the terms of the Confidentiality Agreement and Protective Order or otherwise ordered by the Court.

I further understand that I am to retain all copies of all materials containing Confidential Information in a secure manner. All copies of such materials shall remain in my personal custody until termination of my participation in this Action, whereupon the copies of such materials will be returned to the counsel who provided me with the Confidential Information or destroyed by me with written confirmation of such destruction delivered to that counsel.

/ / /

/ / /

1  I declare under penalty of perjury under the laws of the State of California that
2  the foregoing is true and correct.  Executed this _____ day of _____,
3
4  _____ in _____, _____.
5
   _____
6  Name
7
   _____
8  Title
9
   _____
10 Employer
11
   _____
12 Address

2986479.1                               2              Case No. 2:24-CV-06695 MRA (AGRx)
CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE. 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788